14-3801-cv
*Jagmohan v. Long Island Railroad Company*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
                    *Circuit Judges*,
            PAUL G. GARDEPHE,
                    *District Judge.[*]*

---

GANESH JAGMOHAN,

     *Plaintiff-Appellant*,

       v.                                                    No. 14-3801-cv

LONG ISLAND RAILROAD COMPANY, D/B/A MTA LONG ISLAND RAILROAD, METROPOLITAN TRANSIT AUTHORITY, VINCENT ANDREOTTI, DANIEL CLEARY, CRAIG DALY, MICHAEL FYFFE, MICHAEL GELORMINO, JAMES GIALLORENZO, MARILYN KUSTOFF, CATHERINE LOPRESTI, EILEEN RODRIGUEZ, MARGARET TALALAJ, ROBERT TOOLAN, individually and in their official capacities and as aiders and abettors,

     *Defendants-Appellees.[**]*

---

[*] The Honorable Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is respectfully requested to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:           MATTHEW S. PORGES, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:           RICHARD L. GANS, Vice President/General
                                  Counsel & Secretary (Brian K. Saltz, *on the
                                  brief*), Law Department, The Long Island
                                  Railroad Company, Jamaica, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Ganesh Jagmohan appeals from the District Court's September 9, 2014 judgment granting defendants-appellees' motion for summary judgment as to Jagmohan's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and declining to exercise supplemental jurisdiction over his claims under New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* ("NYSHRL") and New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 *et seq.* ("NYCHRL").

Jagmohan is of East Indian ethnic background. He emigrated from Guyana at age ten. In 2007, he began working for the Long Island Railroad ("LIRR"). In his Second Amended Complaint, Jagmohan principally alleged that the LIRR violated Title VII, the NYSHRL, and the NYCHRL by: (1) discriminating against him on the basis of race and national origin, and (2) retaliating against him for complaining about the discrimination.[1] He also asserted that the individually-named defendants aided and abetted this conduct. On September 9, 2014, the District Court granted defendants' motion for summary judgment, dismissing Jagmohan's Title VII claims with prejudice, and declining to exercise supplemental jurisdiction over his NYSHRL and NYCHRL claims.

We review the District Court's grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is warranted where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If "the record taken as a whole could not lead a

---

[1] Jagmohan also asserted a cause of action under 42 U.S.C. § 1983, claiming that defendants retaliated against him when he spoke out about matters of public concern, in violation of his rights under the First Amendment. Jagmohan did not appeal the District Court's grant of summary judgment on this claim.

rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Upon *de novo* review, we agree with the District Court that defendants are entitled to summary judgment, because no rational factfinder could conclude that Jagmohan suffered discrimination or retaliation within the meaning of Title VII.[2]

First, discrimination claims under Title VII are analyzed under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Vega v. Hempstead Union Free Sch. Dist.*, — F.3d —, 2015 WL 5127519, at *7-8 (2d Cir. Sept. 2, 2015). To establish a *prima facie* case of intentional discrimination, a plaintiff must show: (1) that he is a member of a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse action took place under circumstances giving rise to an inference of discrimination. *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012). The first and third prongs of this test are not in dispute: Jagmohan was a member of a protected class. He also suffered two adverse employment actions—*i.e.*, not being promoted to deputy general manager and having his employment terminated. With respect to the second prong, defendants dispute only that Jagmohan was qualified for the deputy general manager position, arguing that his disciplinary history made him ineligible. But this is not evidence that he was not qualified for the position warranting summary judgment on this ground. *See Owens v. N.Y.C. Hous. Auth.*, 934 F.2d 405, 409 (2d Cir. 1991).

We agree with the District Court's conclusion, however, that Jagmohan has failed to adduce evidence that these adverse employment actions occurred under circumstances giving rise to an inference of racial discrimination. Further, even if Jagmohan could make out a *prima facie* case of discrimination, defendants have provided legitimate, non-discriminatory reasons for these adverse actions, and Jagmohan has failed to provide sufficient evidence to create an issue of fact with regard to whether these reasons were pretext for race or national origin discrimination. Rather, the record shows that Jagmohan was denied the promotion to deputy general manager because he had been disciplined within the previous three years, and that he was terminated because he violated LIRR's anti-harassment policy and other conduct provisions. We therefore affirm the dismissal of Jagmohan's Title VII discrimination claim.

Second, retaliation claims under Title VII are also analyzed under the *McDonnell Douglas* burden shifting framework. To establish a *prima facie* case of retaliation, a plaintiff must show:

---

[2] Before the District Court, the LIRR also asserted that the Second Amended Complaint should be dismissed because Jagmohan pleaded a N.Y. Labor Law § 740 claim in his initial complaint. The District Court did not reach this argument. On appeal, the LIRR renews its argument that Jagmohan's Title VII claims were waived when he filed his claim under § 740. However, because we hold that no rational factfinder could conclude that Jagmohan suffered discrimination or retaliation under Title VII, we need not address the LIRR's "waiver" argument.

3

"(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted); *see Vega*, 2015 WL 5127519, at *7-8. A complaint of discrimination constitutes "protected activity" only if (1) the plaintiff holds a good-faith belief that he suffered discrimination because of a protected characteristic and (2) that belief is reasonable. *See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998). Here, there is no evidence from which a jury could conclude that Jagmohan's belief he was being subjected to race and national origin discrimination was reasonable, even if this belief was held in good faith. We therefore affirm the dismissal of Jagmohan's retaliation claim.

## **CONCLUSION**

We have considered all of the arguments raised by Jagmohan on appeal and find them to be without merit. For the reasons stated above, the September 9, 2014 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court